

# IN THE 37TH JUDICIAL CIRCUIT, OREGON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: STEVEN A PRIVETTE | Case Number: 19AM-CC00010 |
| Plaintiff/Petitioner: BRITTANY ALYSE BARBEE vs. | Plaintiff's/Petitioner's Attorney/Address HAROLD LYNN HENRY P O BOX 617 WEST PLAINS, MO 65775-0617 |
| Defendant/Respondent: CORNELIUS NEWSOM | Court Address: Courthouse Square P.O. BOX 406 ALTON, MO 65606 |
| Nature of Suit: CC Pers Injury-Vehicular | |

**RECEIVED SEP 16 2019 COLE COUNTY SHERIFF'S OFFICE**

**FILED** (Date File Stamp) **SEP 2 3 2019**

## Summons in Civil Case

The State of Missouri to: UNITED PARCEL SERVICE
Alias:
55 GLENLAKE PKWY NE
ATLANTA, GA 30328

Registered Agent:
CSC-Lawyers Incorporating Service Company
221 Bolivar St., Jefferson City, MO 65101

Clerk of the Circuit Court
Oregon County, MO

COURT SEAL OF OREGON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

September 10, 2019          /s/ Alice Bell
_____Date_____        _____Clerk_____

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
CSC Lawyers, S.L. (name) Designee (title).
☐ other: _____

Served at 350 E. High St. (address)
in Cole (County/City of St. Louis), MO, on 9-19-19 (date) at 8:00 AM (time).

Sheriff John P. Wheeler By Dep. J. Thurman
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
_____Date_____        _____Notary Public_____

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage          $_____ (_____ miles @ $_____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-319    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:19-cv-03370-BP   Document 1-2   Filed 10/18/19   Page 1 of 11   EXHIBIT A

IN THE CIRCUIT COURT OF OREGON COUNTY, MISSOURI
CIRCUIT DIVISION

| | |
|---|---|
| BRITTANY BARBEE<br>  Plaintiff, | )<br>)<br>) |
| vs. | ) Case No._____<br>) |
| CORNELIUS NEWSOM, and<br>UNITED PARCEL SERVICE, INC.<br>  Defendants. | )<br>)<br>)<br>) |

**PETITION**

COMES NOW the Plaintiff and for her cause of action against Defendants states, alleges, and avers as follows:

**Allegations Common to All Counts**

1. That this cause of action accrued in Oregon County, Missouri.

2. That Defendant United Parcel Service, Inc., hereafter referred to as UPS, is a corporation doing business in the state of Missouri and is capable of suing and being sued in the state of Missouri.

3. That upon information and belief, Defendant Cornelius Newsom, hereafter referred to as Newsom, was at all relevant times mentioned herein, an agent and employee of Defendant UPS and was in the course and scope of his employment with Defendant UPS on the date of the collision which occurred on June 10, 2019.

4. That Defendant UPS was at all times relevant herein a "motor carrier" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and operated as a commercial "motor carrier" pursuant to authority granted by the United States Department of Transportation and was subject to

1

the rules and regulations of the Federal Motor Carrier Safety Administration as promulgated and codified within 49 C.F.R. Parts 383-397.

5.  That the Federal Regulations cited above were at all relevant times herein mentioned adopted and enforced by the State of Missouri as standards and laws of the State pursuant to §390.201 RSMo.

6.  That on June 10, 2019, Plaintiff was operating a 2018 Jeep Wrangler in a generally easterly direction on and along Business Highway 63 in the area of the intersection with US Highway 63 in Oregon County, Missouri.

7.  That at the time and place aforementioned, Defendant Newsom was operating a 2016 Kenworth in a generally southerly direction on and along US Highway 63 near the intersection of Business Highway 63 in Oregon County, Missouri.

8.  That at the time and place aforementioned, Defendant Newsom drove at an excessive speed and ran a red signal light, striking and colliding with the 2018 Jeep Wrangler being driven by Plaintiff.

9.  The 2016 Kenworth operated by Defendant Newsom at said time and place aforementioned was owned or leased by Defendant UPS and Defendant UPS had the right to exclusive possession, control and use of said truck.

10. For the foregoing reasons, Defendant Newsom's negligent acts and omissions as set forth more fully below are imputable to Defendant UPS.

## COUNT I

### Claim of Plaintiff Against Separate Defendant Newsom

### (Common Law Negligence)

COMES NOW, Plaintiff and for this cause of action against Separate Defendant Newsom under Count I in the above-referenced matter, states, alleges, and avers as follows:

11. Plaintiff incorporates by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition.

12. That Defendant Newsom failed to exercise the highest degree of care in the operation of the aforementioned truck and was negligent in one or more of the following respects, to wit:

   a) Separate Defendant Newsom failed to keep a careful lookout;

   b) Separate Defendant Newsom drove at an excessive speed;

   c) Separate Defendant Newsom failed to yield the right-of-way; and/or

   d) Separate Defendant Newsom knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning, or swerved and sounded a warning but failed to do so.

13. That as a direct and proximate result of the negligence on the part of Separate Defendant Newsom, Plaintiff sustained injury to her person and to her body, most particularly injury to Plaintiff's head, ears, face, neck, shoulders and back, that said

injuries have permanently interfered with the ability of Plaintiff to work and to earn the income and livelihood that Plaintiff had a right to perform prior to the occurrence aforementioned without pain, limitations and/or restrictions, interfering with the ability of Plaintiff to engage in the activities that Plaintiff had a right to engage in prior to the occurrence aforementioned without pain, limitations and restrictions, causing Plaintiff pain and suffering in the past and in the future and causing Plaintiff to incur medical care and related costs in the past, presently and in the future.

WHEREFORE, Plaintiff prays for damages against Separate Defendant Newsom in a just and reasonable sum commensurate with the amount of injuries and damages sustained by Plaintiff herein; for court costs; and for such other and further relief and orders as the Court deems just and proper in the premises.

## COUNT II

### Claim of Plaintiff Against Separate Defendant Newsom

### (Negligence Per Se)

COMES NOW Plaintiff and for Count II of this cause of action against Defendant Newsom states, alleges and avers as follows:

14. Plaintiff incorporates by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts and in Count I of this Petition.

4

15. That at the time of the aforementioned collision separate Defendant Newsom was negligent per se in that he was in violation of one or more of the following:

   a) Separate Defendant Newsom facing a steady red signal failed to stop before entering the near side of the intersection or at the entrance to the intersection in obedience to a red signal in violation of §304.281 (3) RSMo;

   b) Separate Defendant Newsom drove at a speed in excess of the posted speed limit of 45 miles per hour in violation of §304.009 RSMo;

   c) Separate Defendant Newsom failed to drive in a careful and prudent manner and at a rate of speed so as not to endanger the life or limb of any person in violation of §304.010 RSMo.;

   d) Separate Defendant Newsom failed to obey the instructions of an official traffic control device, in violation of §304.271 RSMo.;

   e) Separate Defendant Newsom operated the truck while his ability and/or alertness was so impaired, or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the vehicle in violation of 49 C.F.R. §392.3.

   f) Separate Defendant Newsom operated a commercial motor vehicle while he was not qualified to do so in violation of 49 C.F.R. Part 391.11; and/or

    g)    Separate Defendant Newsom exceeded the maximum driving and on-duty times and failed to keep accurate logging and/or record keeping relating to such driving and on-duty times in violation of 49 C.F.R. Part 395.

WHEREFORE, Plaintiff prays for damages against Separate Defendant Newsom in a just and reasonable sum commensurate with the amount of injuries and damages sustained by Plaintiff herein; for court costs; and for such other and further relief and orders as the Court deems just and proper in the premises.

## COUNT III

### Claim of Plaintiff Against Separate Defendant UPS

### (Respondeat Superior)

COMES NOW, Plaintiff and for this cause of action against Separate Defendant UPS under Count III in the above-referenced matter, states, alleges and avers as follows:

16. Plaintiff incorporates by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition and Counts I and II of this Petition.

17. That at all times material and pertinent herein Separate Defendant Newsom, was an agent, servant and/or employee of Separate Defendant UPS and all of the acts and occurrences set forth and alleged herein above occurred, transpired and took place within

6

the course and scope of Separate Defendant Newsom's agency and employment of Separate Defendant UPS.

18. That as a direct and proximate result of the negligence on the part of Separate Defendant Newsom, Plaintiff sustained injury to her person and to her body, most particularly injury to Plaintiff's head, ears, face, neck, shoulders and back, that said injuries have permanently interfered with the ability of Plaintiff to work and to earn the income and livelihood that Plaintiff had a right to perform prior to the occurrence aforementioned without pain, limitations and/or restrictions, interfering with the ability of Plaintiff to engage in the activities that Plaintiff had a right to engage in prior to the occurrence aforementioned without pain, limitations and restrictions, causing Plaintiff pain and suffering in the past and in the future and causing Plaintiff to incur medical care and related costs in the past, presently and in the future.

WHEREFORE, Plaintiff prays for damages against Separate Defendant UPS in a just and reasonable sum commensurate with the amount of injuries and damages sustained by Plaintiff herein; for court costs; and for such other and further relief and orders as the Court deems just and proper in the premises.

## COUNT IV

### Claim of Plaintiff Against Separate Defendant UPS

### (Independent Negligence)

COMES NOW, Plaintiff and for this cause of action against Separate Defendant UPS under Count III in the above-referenced matter, states, alleges and avers as follows:

19. Plaintiff incorporates by reference as if fully set out herein, each and every allegation contained in the Allegations Common to All Counts of this Petition and Counts I-III of this Petition.

20. That Separate Defendant UPS was further negligent in the following respects, to wit:

    a) Separate Defendant UPS failed to select a competent and fit driver;

    b) Separate Defendant UPS retained an unsafe and unqualified driver;

    c) Separate Defendant UPS entrusted its delivery to an incompetent driver;

    d) Separate Defendant UPS required and/or permitted its driver to operate a motor vehicle while the driver's ability or alertness was so impaired or so likely to become impaired through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle in violation of 49 C.F.R. Part 392.3;

    e) Separate Defendant UPS violated the provisions of 49 C.F.R. Parts 390.11 and 390.13 pertaining to the safe operation of a motor carrier, training, and duties of motor carriers and their employees and relating to aiding and abetting violations of the rules and regulations; and/or

Electronically Filed - Oregon - July 24, 2019 - 03:49 PM

  f)  Separate Defendant UPS violated the provisions of 49 C.F.R. Part 390.3 which requires a motor carrier to be knowledgeable of all regulations applicable to it and requires the motor carrier to comply with the regulations and instruct every driver and employee with regard to all applicable regulations.

21. That as a direct and proximate result of the negligence on the part of Separate Defendant Newsom, Plaintiff sustained injury to her person and to her body, most particularly injury to Plaintiff's head, ears, face, neck, shoulders and back, that said injuries have permanently interfered with the ability of Plaintiff to work and to earn the income and livelihood that Plaintiff had a right to perform prior to the occurrence aforementioned without pain, limitations and/or restrictions, interfering with the ability of Plaintiff to engage in the activities that Plaintiff had a right to engage in prior to the occurrence aforementioned without pain, limitations and restrictions, causing Plaintiff pain and suffering in the past and in the future and causing Plaintiff to incur medical care and related costs in the past, presently and in the future.

WHEREFORE, Plaintiff prays for damages against Separate Defendant UPS in a just and reasonable sum commensurate with the amount of injuries and damages sustained by Plaintiff herein; for court costs; and for such other and further relief and orders as the Court deems just and proper in the premises.

HENRY & WILLIAMS, P.C.

by:    */s/ H. Lynn Henry*
       H. Lynn Henry     #23679
       Roy E. Williams, Jr.  #38712
       P.O. Box 617
       1207 Porter Wagoner Blvd.
       West Plains, MO 65775
       Phone: 417/256-8133
       Fax: 417/256-8969
       lynn@henrylawfirm.com
       Attorneys for Plaintiff

**Certificate of True Copy**

STATE OF MISSOURI    )
                                ) ss.
COUNTY OF OREGON  )

COURT SEAL OF



OREGON COUNTY

I, Betty Grooms, Clerk of the Circuit Court and in and for said County, hereby certify that the foregoing is a true copy of the original in the cause therein named, as the same appears on record in my custody.

WITNESS my hand and the seal of said court. Done this 16 day of Oct., 20 19.

Betty Grooms
Clerk of the Circuit Court
Per [signature], Deputy

10